Board of Mgrs. of 252 Condominium v World-Wide Holdings Corp. (2025 NY Slip Op 03968)

 Board of Mgrs. of 252 Condominium v World-Wide Holdings Corp.

2025 NY Slip Op 03968

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Rodriguez, Rosado, JJ. 

Index No. 652387/22, 595920/22, 595359/24|Appeal No. 4678-4679|Case No. 2024-03247, 2024-05248|

[*1]The Board of Managers of 252 Condominium, etc., Plaintiff-Respondent,
v
World-Wide Holdings Corp., et al., Defendants. Rose Associates, Inc., Nonparty-Appellant. [And Two Third-Party Actions.]

Kane Kessler, P.C., New York (David A. Gold of counsel), for appellant.
Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for respondent.

Supplemental order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 18, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of Rose Associates, Inc. (RAI) for attorneys' fees, costs, and expenses incurred in connection with a subpoena issued by plaintiff, unanimously modified, on the law and the facts, to permit renewal of RAI's application upon a proper showing, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 15, 2024, unanimously dismissed, without costs, as superseded by the appeal from the supplemental order.
We disagree with the court's conclusion that RAI was not entitled to costs because it became a defendant subsequent to moving for costs (see Matter of Barons Media, LLC v Shapiro Legal Group, PLLC, 231 AD3d 639, 640 [1st Dept 2024] ["[T]he fact that petitioner subsequently instituted separate litigation against respondent does not render respondent a party that may not recover production expenses under CPLR 3122(d)"]). Indeed, Commercial Division Rule 11-c(e) echoes this, adding principles for lessening burdens in producing Electronically Stored Information (ESI). Appendix A states that "reasonable production expenses" to be reimbursed may include "fees charged by outside counsel and e-discovery consultants," and costs to identify, preserve, collect, process, host, review for relevance and privilege, and produce ESI (22 NYCRR 202.70, Appendix A, VIII[B]).
Nevertheless, RAI's motion was properly denied, since it offered no evidence that it made any productions (see CPLR 3122[d]), only now referring to productions that are not in the record. However, RAI may renew its application for costs based on a proper showing (see Dow Chem. Co. v Reinhard, 2008 WL 1968302, 2008 US Dist LEXIS 35398 [SD NY, Apr. 29, 2008, No. M8-85 (HB)]; Zubulake v UBS Warburg, LLC, 217 FRD 309, 317 [SD NY 2003]; U.S. Bank, N.A. v GreenPoint Mtge. Funding, Inc., 94 AD3d 58, 63-65 [1st Dept 2012]). Contrary to plaintiff's arguments, the record does not establish that RAI was obligated to respond at its expense to all of the broad subpoena requests under its management agreement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025